**Peter CLIFFORD, Plaintiff,**

v.

**SOCIAL SECURITY ADMINISTRATION COMMISSIONER, Defendant.**

**No. CV–03–193–B–W.**

United States District Court, D. Maine.

Aug. 13, 2004.

James G. Noucas, Jr., Noucas & Keenan, Portsmouth, NH, for Peter R. Clifford, Plaintiff.

Evan J. Roth, Office of the U.S. Attorney, District of Maine, Portland, for Social Security Administration Commissioner, Defendant.

### *ORDER DISMISSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

WOODCOCK, District Judge.

The Plaintiff, Peter Clifford, a former Social Security Administration (SSA) employee, is a fifty-five year old man with a physical disability who applied for, but was not selected for, three positions within the SSA. He has filed suit, claiming the SSA's actions were based on his disability and age in violation of the Age Discrimination and Employment Act (ADEA)[1] and the Rehabilitation Act.[2] With its Answer and prior to any for-

---

1. Under 29 U.S.C. § 633a, the provisions of the Age Discrimination in Employment Act (ADEA) are applicable to federal government employment.

2. The Rehabilitation Act requires that each agency within the federal government establish an affirmative action program plan for the hiring, placement, and advancement of individuals with disabilities within the agency. 29 U.S.C. § 791(b). It further provides that the standards used to determine whether this section has been violated in a complaint alleging non-affirmative action employment discrimination under this section shall be the standards applied under the ADA as such sections relate to employment. 29 U.S.C. § 791(g). Under 29 USC § 794a, the

mal discovery, the SSA moved for summary judgment. Acknowledging Mr. Clifford has met his *prima facie* case, the SSA asserts it has met its burden of production by articulating a legitimate, non-discriminatory reason for its employment decisions. The SSA asserts it is entitled to judgment because Mr. Clifford has failed to demonstrate its reasons are pretextual. This Court DISMISSES the motion for summary judgment at this early stage in the proceeding, since Mr. Clifford has presented a genuine issue of material fact on the issue of pretext.

## I.  Statement of Facts

Peter Clifford worked for the SSA from July 1994 to December 1995, when he terminated his employment, due to a multi-focal motor neuropathy, a progressive and permanent disease resulting in diminished muscle and nerve activity in his upper extremities. This condition has left the function of his left arm and hand severely impaired and compromised the function in his right arm and hand. His physical impairments substantially limit one or more of his major life activities; he has a record of this impairment; and he is regarded as having an impairment. He is fifty-five years old and falls within the class of protected persons for age discrimination under the ADEA.

Mr. Clifford applied for three positions within the SSA: Public Affairs; Management Support Specialist; and, Social Insurance Specialist. He was not hired. Neither his age nor his disability would have prevented him from performing the essential functions of the positions for which he applied. In each case, the SSA hired someone with current knowledge and experience. Since Mr. Clifford's last employment with the SSA was in 1995, the SSA states it hired others whose work experience and other qualifications enabled them to assume the positions without training.[3]

remedies of 42 U.S.C. § 2000e–16 are available for complaints under 29 U.S.C. § 791.

3.  Regarding the third position, the social insurance specialist, the SSA also states that Mr. Clifford was not hired in part because his application was not neat and contained errors.

In response, Mr. Clifford points out: (1) that the SSA's determinative requirement of "current knowledge and experience" was not listed in the vacancy announcement; (2) over the objections of selecting officials, the SSA opened the positions to external as well as internal candidates; (3) Mr. Clifford scored a perfect "7" or "Superior" on the two knowledge criteria for the MPAS position, the one position for which the numerical ratings have been made available; (4) Mr. Clifford made the "Best Qualified Lists" for all three positions; and, (5) the parties have not undertaken any discovery and, under Federal Rule of Civil Procedure 56(f), summary judgment is premature.

## II.  Discussion

■  This Court agrees with Mr. Clifford that the motion for summary judgment is premature. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). The Plaintiff, in compliance with Rule 56(f), filed an Affidavit of Counsel, setting forth the additional discovery he contends is required before the case will be ripe for summary judgment.[4]

■  The First Circuit has stated that "consistent with the salutary purposes underlying Rule 56(f), district courts should construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter." *Resolution Trust Corp. v.*

4.  Mr. Noucas' Affidavit asserts additional discovery is needed on evidentiary matters such as: (1) the summary rating sheets for the MSS and SIS positions; (2) whether SSA procedures, policies and programs changed dramatically between the time the plaintiff left SSA and when he applied for these positions; (3) what, if any, training the plaintiff would need to assume the positions; and, (4) the depositions of selecting officials.

*North Bridge Assoc.,* 22 F.3d 1198, 1203 (1st Cir.1994). A litigant who desires to invoke Rule 56(f) must make a sufficient proffer: "the proffer must be authoritative; it should be advanced in a timely manner; and, it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment."[5] *Id.* In the words of the First Circuit, the rule is intended to "safeguard against judges swinging the summary judgment axe too hastily." *See Price v. General Motors Corp.,* 931 F.2d 162, 164 (1st Cir.1991); *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985, 988 (1st Cir.1988).

In the Court's view, the Plaintiff has demonstrated through the Affidavit of Counsel that if the Court acted on the merits of the summary judgment before any discovery in this case, it would be acting "too hastily" and the parties should be allowed to complete necessary discovery before consideration of any dispositive motions.

### III. Conclusion

Pursuant to Rule 56(f), the Court DISMISSES, rather than denies, Defendant's motion for summary judgment. This action is not a ruling on the merits of the motion, but rather allows the parties to engage in discovery. The parties are free to file without prejudice a subsequent dispositive motion once discovery has been completed.

SO ORDERED.

---

**5.** This is not a "delayed discovery" case, since the dispositive motion was filed with the answer. Therefore, the five criteria for Rule 56(f) relief in such a case are not fully applicable. *See Resolution Trust,* 22 F.3d at 1203.